UNITED STATES of America, Plaintiff–Appellee,

v.

Alfredo Eduardo DURAZO, also known as Alfredo Eduardo Gonzalez Durazo, Defendant–Appellant.

No. 04–41042.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 13, 2006.

James Lee Turner, Julia Bowen Stern, Assistant U.S. Attorneys, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM: *

Alfredo Eduardo Durazo appeals his conviction and sentence for possession with the intent to distribute more than five kilograms of cocaine. Durazo argues that the district court committed reversible error under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), by sentencing him pursuant to a mandatory application of the Sentencing Guidelines.

The district court erred by sentencing Durazo under a mandatory sentencing guidelines scheme. *See United States v. Martinez–Lugo,* 411 F.3d 597, 600–01 (5th Cir.2005) *cert. denied,* — U.S. ——, 126 S.Ct. 464, 163 L.Ed.2d 352 (2005). Although both parties concede review is for plain error, this court determines the proper standard of review. *United States v. Molina,* 174 Fed.Appx. 812, 815–16 (5th Cir.2006) (unpublished). Because the issue is preserved by the *Blakely* objection in the district court, this court reviews for harmless error. *See United States v. Rodriguez–Mesa,* 443 F.3d 397, 404 (5th Cir. 2006); *United States v. Walters,* 418 F.3d 461, 464 (5th Cir.2005). The Government has not shown beyond a reasonable doubt that the error was harmless. *See Walters,* 418 F.3d at 463–64. Accordingly, Durazo's sentence is vacated, and this case is remanded for resentencing.

Durazo argues for the first time on appeal that the statute of conviction, 21 U.S.C. § 841, is unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). However, he concedes that this issue is fore-

closed and raises it only to preserve it for further review. The argument is foreclosed. *See United States v. Slaughter,* 238 F.3d 580, 582 (5th Cir.2000).

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

